IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE A. DIAZ ARROYO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CONSEJO DE TITULARES CONDOMINIO PLAYA DORADA, et al.,<br><br>Defendants. | CIVIL NO. 22-1254 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

The present case arises from actions undertaken by members of the Board of Directors of a condominium, and requires the application of Puerto Rico's Condominium Act, 31 P.R. Laws Ann., tit. 31, §§ 1921-1923r ("the Condominium Act"). Plaintiffs José A. Díaz Arroyo and his wife Deborah Beauregard Díaz ("Plaintiffs") are owners of an apartment unit located in Playa Dorada Condominium ("Playa Dorada") in Isla Verde, Puerto Rico. Plaintiffs brought claims for damages and injunctive relief against Playa Dorada's Homeowner's Association, which is the legal entity comprised of the owners of all the units, and individually against its Board of Directors José Lugo, Luis Abreu, Eduardo León, William Arce and Jorge Dones, as well as the condominium's Administrator, Icon Management, LLC ("Icon Management") and its employee José Santiago Rivera ("Santiago" or collectively "Defendants") for injunctive relief under Fed. R. Civ. P. 65 and for damages under Article 1536 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 10801.

Case 3:22-cv-01254-CVR   Document 36   Filed 01/12/23   Page 2 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 2
_____

Plaintiffs aver that, after obtaining the pertinent authorizations for their unit's remodeling project, the condominium's Administrator and members of the Board of Directors engaged in a pattern of obstruction and harassment that included impeding and obstructing access of workers to Plaintiffs' unit, blocking the cargo area and elevator; impeding the installation of certain equipment; impeding debris removal from the apartment and revoking their construction permits, among others. Plaintiffs contend that Defendants' actions caused them damages and deprived them of the use of their apartment unit, without justification in law or due process of law.

At the same time, Plaintiffs also assert that the Board of Directors contracted for the construction and repairs of various common areas without obtaining the required permits and used unapproved materials and wrong specifications, among others, thereby putting at risk the structural integrity of the condominium. They claim that these actions have had a detrimental effect on the value of all the apartment units, and Plaintiffs claim damages therefrom.

Before the Court now is Playa Dorada's "Motion to Dismiss for Lack of Subject-Matter Jurisdiction" in which it asserts that dismissal is warranted because Plaintiffs' claims relate to issues arising under the Puerto Rico Condominium Act, as they involve actions undertaken by the Board of Directors and the Administrator. (Docket No. 8). Under Puerto Rico law, Playa Dorada argues that these matters fall under the exclusive jurisdiction of the Puerto Rico Department of Consumer Affairs ("DACO") and posit this case must be therefore brought before that forum. Plaintiffs, in fact, already have a claim before DACO regarding certain documentation they had previously requested in writing from the Board of Directors, a claim included in their Complaint before this Court. See

Case 3:22-cv-01254-CVR Document 36 Filed 01/12/23 Page 3 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 3
_____

Docket No. 8, Exhibit 1. This request has apparently gone unanswered by the Board of Directors.

Plaintiffs oppose the request to dismiss arguing that their claims were not brought under the Condominium Act but rather in tort and for injunctive relief. (Docket No. 21).

Before the Court also is the individual Board member's motion to join Playa Dorada's request to dismiss. (Docket No. 30). Co-Defendant Icon Management answered the Complaint and has yet not filed a request to dismiss. As an affirmative defense in its answer to the Complaint, however, it alleged, "[p]ursuant to Article 65 of Puerto Rico Condominium Act, the P.R. Department of Consumer Affairs has primary and exclusive jurisdiction to entertain actions from apartment owners challenging actions or omissions from the Condominium's Board of Directors and Administrative Agent. In this case, although brough as a tort action, Plaintiffs are indirectly challenging acts or omissions from the Condominium's Board of Directors and Administrative Agents. Therefore, even if diversity jurisdiction exists, as a matter of comity and deference to the expertise of the state administrative agency (DACO), this Honorable Court should abstain from entertaining the present action. Before filing this case, plaintiffs filed an administrative complaint before DACO concerning some of the issues alleged in this action. Upon information and belief, said administrative action is still pending. Consequently, federal abstention doctrines may apply to this case." (Docket No. 28, p. 12, ¶¶ 16-17).

For the reasons explained below, Playa Dorada's Motion to Dismiss is GRANTED and this case is DISMISSSED WITHOUT PREJUDICE of being refiled before the appropriate agency.

Case 3:22-cv-01254-CVR   Document 36   Filed 01/12/23   Page 4 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 4
_____

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). In order to "show" an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see, e.g. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

On the other hand, federal courts are courts of limited jurisdiction, so federal jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). A

Case 3:22-cv-01254-CVR    Document 36    Filed 01/12/23    Page 5 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 5
_____

motion to dismiss under Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction, and the party asserting jurisdiction bears the burden of demonstrating its existence. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001). Dismissal is appropriate only when the facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction.

### STATEMENT OF FACTS

The Court accepts Plaintiffs' allegations as true for purposes of the motion to dismiss. Ponsa-Rabell v. Santander Sec., LLC, 35 F.4th 26, 30 (1st Cir. 2022); O'Brien v. Deutsche Bank Nat'l Tr. Co., 948 F.3d 31, 35 (1st Cir. 2020).

Plaintiffs are residents of Virginia[1] and embarked on a remodeling project in July, 2021 of their second home, an apartment located in Playa Dorada Condominium. The remodeling project was extensive, and included replacing the floor tiles, installing new fixtures and tiles in the bathrooms, replacing the kitchen's cabinets and closets, refinishing interior walls and ceiling, extending the living room into the balcony area and installing ceiling fascias with recessed lightning in certain areas. All these improvements were notified to Playa Dorada's Administration, which duly approved them in September, 2021 and issued a permit. The proposed interior revamping of Plaintiffs' unit was like others undertaken in other units in Playa Dorada, including the living room extension.

After work had begun, leaks showed up in the pipes behind the bathroom walls and original interior ceiling drywall partitions and required Plaintiffs to undertake more extensive repairs than had originally been contemplated and which fell outside the scope

---

[1] Defendants seem to make a thinly veiled argument that complete diversity may not exist but fail to adequately develop or offer any meaningful discussion in support of this argument. The Court will not reach this issue as it will dismiss the case on the merits.

Case 3:22-cv-01254-CVR    Document 36    Filed 01/12/23    Page 6 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 6
_____

of the permit. On October 20, 2021, Plaintiffs were notified that the Board of Directors was revoking the permit effective immediately, demanded that the work that had already been done be removed within five (5) days, and imposed a $100.00 fine. As a result thereof, Plaintiffs submitted an amended construction permit, which was again duly approved (the "new permit"). The new permit included the replacement of interior wall and ceiling terminations, and a ceiling fascia in the area of the extended living room. The building's Administrator and members of the Board of Directors periodically visited Plaintiffs' unit to make sure the project was following the new permit granted in October 2021.

In November 2021, Plaintiffs claim that the Condominium Administrator, co-defendant Santiago and members of the Board of Directors began a pattern of obstruction and harassment of Plaintiffs' contractor and his employees, which included: a) preventing access to the contractor and his employees to Plaintiffs' unit; b) obstructing the delivery of construction materials; c) preventing Plaintiffs' employees from removing debris; d) obstructing Plaintiffs' contractor, employees and vendors from use of the building cargo area and elevator to take materials to the unit; e) ignoring Plaintiffs' written requests for permission to use the cargo area and elevator; f) threatening Plaintiffs with fines and cutoff of utilities; h) entering Plaintiffs' unit and instructing laborers to leave and not return; and i) filing an *ex-parte* request for a protective order against Plaintiffs' contractor in order to stop the work. Plaintiffs complained to the Administrator and the Board of Directors, and they were told several times that they did not like their contractor.

Members of the Board of Directors inspected the unit in February 2022 and found no problems. However, on March 11, 2022, Plaintiffs received a letter indicating that the

Case 3:22-cv-01254-CVR    Document 36    Filed 01/12/23    Page 7 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 7
_____

new construction permit was being retroactively revoked because of Plaintiffs' failure to heed to the Board of Directors' recommendations regarding the behavior of their contractor and alleging multiple violations to the Condominium's Act. Plaintiffs then requested in writing to be provided the documents which the members relied on to revoke the permit, a request which went unanswered. Other written requests by Plaintiffs pertaining to their remodeling project also went unanswered. In April 2022, Plaintiffs again requested in writing information regarding documentation relating to minutes of Board of Directors' meetings and previous complaints filed against the Homeowner's Association or the Board of Directors before DACO, which also went unanswered.

Plaintiffs aver that, because of the above conduct, Plaintiffs have lost the use and enjoyment of their home at Playa Dorada, have incurred in higher costs to complete their home improvement project and had to cancel plans to spend the 2022 holiday season in their remodeled apartment with their family.

Plaintiffs also claim damages due to the Board of Directors' additional illegal actions, which they argue have affected the safety and integrity of the common areas. Among them are the following: construction of the ramp without the required permits and in contravention to approved plans; construction of a beach access door without the required electrical installations and permits; exchange of approved tiles for renovation of common areas for tiles of inferior quality value and specifications, and which were purchased from an unapproved vendor at a lower price; construction of a roof area and certain structural elements for Towers A and B without the required permits and in violation of the applicable codes and approved specifications. Plaintiffs posit these additional illegal actions by Playa Dorada's Board of Directors, and carried out by the

Case 3:22-cv-01254-CVR    Document 36    Filed 01/12/23    Page 8 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 8
_____

Administrator, were negligently performed, have put at risk the safety of all apartment owners and their visitors and have affected the safe use and enjoyment of the common areas of Playa Dorada Condominium.

## LEGAL ANALYSIS

The Puerto Rico Condominium Act states in relevant part that "[t]he acts or omissions of the Board of Directors, the Interim Administrator, Managing Agent, as well as the agreements of the Homeowner's Association may be challenged by the owners in the following cases: (a) [i]f they are contrary to the law, the master deed and bylaws of the condominium; (b) if they are seriously prejudicial to the interests of the community or an owner; (c) if they are seriously prejudicial to an owner who has no legal obligation to sustain it and which were not foreseeable at the time of the purchase. *The Department of Consumer Affairs shall have primary and exclusive jurisdiction over matters involving owners who own apartments in condominiums where at least one apartment is intended for residential use as well as over any complaint filed against the Managing Agent.*" 31 P.R. Laws Ann., tit. 31, § 1923j. (Emphasis added).

The Puerto Rico Court of Appeals recently considered this precise issue in the case of Dachman v. Consejo de Titulares Condominio Unimar, Civil No. KLAN202200396, 2022 WL 17663365 at *1 (P.R. Cir. Nov. 30, 2022). In said case, Plaintiff Dachman brought suit against her condominium's association before DACO, alleging misfeasance by the board of directors after hurricane María. Id. She argued they failed to repair structural damage her unit suffered as a result of the hurricane and failed to repair the damage to certain common elements that serviced her unit. Id. Three years later, she filed suit before the Puerto Rico Court of First Instance, alleging the same causes of action.

Case 3:22-cv-01254-CVR   Document 36   Filed 01/12/23   Page 9 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 9
_____

Id. Like Plaintiffs' Complaint in the present case, Mrs. Dachman asked for injunctive relief, sought repairs to the damage suffered by her unit and the common elements and claimed monetary damages stemming from the board's actions. Id.

The Puerto Rico Court of First Instance dismissed the case, finding it lacked jurisdiction to entertain her claims, and concluded it was DACO who had primary and exclusive jurisdiction over her claims. Id. The Court of Appeals affirmed the Court of First Instance's holding that it lacked jurisdiction to hear her claims. Id., at *5. It offered a discussion as to the difference between exclusive and concurrent jurisdiction, noting that courts generally lack jurisdiction to hear claims when the law has designated exclusive jurisdiction to a specific agency. Id., at *3. A court's first step must therefore be to look to the law to ascertain whether it assigned exclusive jurisdiction to a designated forum. Id. When such a specific assignment happens, the Court of Appeals explained, it is binding on the Court and its analysis ends there. Id. Nonetheless, it cautioned that exclusive jurisdiction is not absolute, but rather had certain very limited exceptions. Id., at *3 These exceptions arise when the claim does not require any specific agency expertise, or when a constitutional claim is raised. Id. For a court to be able to consider these exceptions, however, the claimant must demonstrate that the administrative action is futile and ineffective, that the designated forum cannot provide an appropriate remedy, or demonstrate that she or he will otherwise suffer irreparable damage. Id.

The Dachman Court concluded that DACO had exclusive and primary jurisdiction over Mrs. Dachman's case as it took place in a residential condominium of at least one unit and stemmed from actions undertaken by its board of directors. Id., at *5. The Court of Appeals further found that her case failed to qualify for any of the existing exceptions,

Case 3:22-cv-01254-CVR   Document 36   Filed 01/12/23   Page 10 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 10
_____

given that DACO was the agency with proven expertise in condominium matters, and further, that Mrs. Dachman had not alleged that DACO was somehow ineffective or could not provide an adequate remedy for her claims.  Id.  Finally, the Court of Appeals clarified that an injunction was not the appropriate relief for a resident's grievance over illegal actions by the condominium's board of directors, but rather, the remedy was the filing of an administrative complaint ("querella" in Spanish) before DACO, as she had in fact, already done.  Id.

Similarly, Puerto Rico's courts have held several times that DACO has exclusive jurisdiction over issues related to grievances brought by residents against the board of directors or when they oppose actions or agreements reached by the homeowner's association.  See Río Mar Cmty. Ass'n, Inc. v. Lluberas, KLAN202200056, 2022 WL 4136611 (P.R. Cir. Aug. 18, 2022); Amill v. J. Dir. Cond. Pumarada, 156 D.P.R. 495 (2002); Consejo Cond. Plaza del Mar v. Jetter, 169 D.P.R. 643 (2006); and First Fed. Savs. v. Asoc. de Condómines, 114 D.P.R. 426 (1983).

Applying the above to this case, the Condominium Act clearly applies to Playa Dorada Condominium, insofar as, even if the Court only counted Plaintiffs' unit, it is comprised of least one residential unit.  In Plaintiffs' Complaint, they accuse the Board of Directors of a multitude of allegedly illegal actions against them during the pendency of their renovation project, such as harassment, prevention of the use and enjoyment of their unit, revocations of previously approved permits, illegal fines, the threatening of legal actions, obstructing the use of common elements and ignoring written requests, among others.  As clearly stated in the Complaint, these are all actions undertaken by the Board of Directors, or at least one or more of its members, and the condominium Administrator.

Case 3:22-cv-01254-CVR   Document 36   Filed 01/12/23   Page 11 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 11
_____

The Condominium Act clearly states that it covers "[t]he acts or omissions of the Board of Directors, the Interim Administrator, Managing Agent" which "are contrary to the law, the master deed and bylaws of the condominium" or "if they are seriously prejudicial to the interests of the community or an owner." 31 P.R. Laws Ann. tit. 31, § 1923j.

Plaintiffs cannot argue that their claims do not fall under this guise. The fact that their Complaint contains a tort claim does not change the nature of the case. Under a plain reading of the statute and the applicable jurisprudence, DACO has primary and exclusive jurisdiction over the claims in issue. See Hosp. San Antonio, Inc. v. Oquendo-Lorenzo, 47 F.4th 1, 7 (1st Cir. 2022) ("Our interpretation of Puerto Rico statutes "begins with the text of the underlying statute and ends there as well if the text is unambiguous"). There is no ambiguity in the text of the law in this case.

The same reasoning applies to Plaintiffs' claims regarding the Board of Director's illegal actions regarding the restoration of the common elements. The Complaint alleges that several illegal constructions and repair projects for the common areas were performed without permits and in contravention to previously submitted plans. All of these actions were undertaken by and approved by the Board of Directors and carried out by the Administrator. It is evident that these actions also fall directly under DACO's purview and exclusive jurisdiction.

A review of Plaintiffs' pending claim before DACO reveals that the documents they requested from the Board of Directors are the same ones mentioned in paragraph 40 of the Complaint before this Court. See Docket No. 1, ¶, 40 and Docket No. 8, Exhibit 1. Plaintiffs' original administrative complaint before DACO has therefore already addressed at least some of the same claims brought in this instant case. It is evident that

Case 3:22-cv-01254-CVR   Document 36   Filed 01/12/23   Page 12 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 12
_____

DACO is the correct forum to address Plaintiffs' complete set of grievances against Playa Dorada's Board of Directors and Administrator.

In addition, Plaintiffs fail to establish how this case could fall under any of the exceptions to the exclusive and primary jurisdiction rule. The Complaint is devoid of any facts or allegations that would establish that DACO lacks expertise in the subject matter; on the contrary, courts have repeatedly held that DACO possesses great expertise in condominium law matters. Plaintiffs have also failed to establish how or why airing their grievances at DACO would somehow be futile or ineffective or that DACO cannot provide them with an adequate remedy. The Dachman case is clear that in such circumstances, the appropriate forum is the agency with exclusive and primary jurisdiction is DACO.

Finally, Plaintiffs' Complaint vaguely alleges a violation of constitutional rights. Plaintiffs' opposition to the pending Motion to Dismiss, however, contains absolutely no argument in support of this claim, and only indicates that Plaintiffs brought forth claims for injunctive relief under Fed. R. Civ. P. 65 and in tort under Article 1536 of the Puerto Rico Civil Code.[2] This argument is not properly developed and is therefore deemed waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

For the foregoing reasons, the Court finds it lacks jurisdiction to hear this case, and must dismiss all claims so that Plaintiffs may refile them before the appropriate forum.

---

[2] See Docket No. 21, p. 5.

Case 3:22-cv-01254-CVR   Document 36   Filed 01/12/23   Page 13 of 13

José A. Díaz Arroyo, et al., v. Consejo de Titulares Condominio Playa Dorada, et al.
Opinion and Order
Civil 22-1254 (CVR)
Page 13
_____

## CONCLUSION

For the above-mentioned reasons, co-Defendants Playa Dorada's Motion to Dismiss (Docket No. 8) is GRANTED. All claims against all parties are hereby DISMISSED WITHOUT PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 12th day of January 2023.

                                         S/CAMILLE L. VELEZ-RIVE
                                         CAMILLE L. VELEZ RIVE
                                         UNITED STATES DISTRICT JUDGE